ARLENE HAVERLY, Appellant, v. EARLE D. FITCH and Another, Respondents.

Fourth Department, March 9, 1927.

Motor vehicles — injury to guest — action to recover for injuries suffered by plaintiff when automobile, in which she was guest, was struck by another automobile — automobile in which plaintiff was riding stopped at street intersection for purpose of turning in street — driver, immediately after street car and automobiles behind him passed, turned in street and stopped on opposite tracks when he saw other automobile approaching — other automobile was traveling very fast — facts stated might have been found by jury — error to grant nonsuit as to defendant in whose automobile plaintiff was riding — whether or not driver was negligent in turning while his view was obstructed should have been submitted to jury — verdict in favor of owner of other automobile not against evidence.

In an action to recover damages for injuries suffered by the plaintiff, a guest in an automobile, it was error for the court to grant nonsuit as to the defendant in whose automobile plaintiff was riding. The evidence introduced by the plaintiff would have justified the jury in finding that the automobile in which she was riding stopped at a street intersection for the purpose of turning in the street, and that after other automobiles in the rear, and a street car, had passed, the driver turned immediately in the street and stopped on the opposite tracks when he saw the other automobile approaching from the opposite direction, and that the other automobile was traveling very fast and struck the fender of the automobile in which the plaintiff was riding. Under the facts which the jury might have found, it was a question for the jury whether or not the driver of the automobile in which the plaintiff was riding was guilty of negligence in turning in the street at a time when his view was obstructed by the street car and automobiles which had just passed him.

The verdict of the jury in favor of the owner of the other automobile was not against the evidence.

HUBBS, P. J., and CROUCH, J., dissent in part.

APPEAL by the plaintiff, Arlene Haverly, from a judgment of the Supreme Court in favor of the defendant Earle D. Fitch, entered in the office of the clerk of the county of Onondaga on the 26th day of October, 1926, upon the dismissal of the complaint at the close of plaintiff's case.

Appeal from a judgment of the Supreme Court in favor of the defendant James G. Warner, entered in the office of the clerk of the county of Onondaga on the 13th day of October, 1926, upon the verdict of a jury, and also from an order entered in said clerk's office on the 19th day of October, 1926, denying plaintiff's motion for a new trial as to the defendant Warner made upon the minutes.

*John H. McCrahon,* for the appellant.

*George H. Bond,* for the respondent Fitch.

*Charles E. Spencer* and *William H. Foster,* for the respondent Warner.

SEARS, J. · South Salina street in the city of Syracuse is a busy thoroughfare running in a northerly and southerly direction. A double-track street railway is operated through it. Jackson street runs easterly from South Salina street, but does not cross South Salina street.

At between six-fifteen and six-thirty o'clock on the evening of January 8, 1926, the plaintiff was being driven by the defendant Fitch in his automobile to her home, which was on the east side of South Salina street just north of Jackson street. The defendant Fitch was proceeding southerly on the west side of South Salina street with the intention of turning around in South Salina street at the Jackson street intersection so that he might bring his car to the easterly curb in front of the plaintiff's residence with the car facing in a northerly direction. . There was considerable traffic on South Salina street at the time and when he came to Jackson street he stopped with his car facing south on the westerly side of the street. While he was thus stopped a south-bound street car with a trailer was brought to a stop with its front end at a derailing switch which was about ninety feet south of the south curb line of Jackson street. The rear end of the trailer must have been a short distance south of the south curb line of Jackson street. Behind this trailer other automobiles were brought to a stop, some of them at points more northerly on Jackson street than was the defendant Fitch's car. The defendant Fitch must have brought his car to a stop because the south-bound traffic at this time prevented his turning around as he intended. When the street car started southerly, the automobiles behind it also started and those to the rear of Fitch passed the defendant Fitch's car. Fitch turned his head so that he could look to the north and when the automobiles which had been stopped behind him passed him he immediately turned to his left in the intersection of Jackson street. When the front wheels of his automobile were on the north-bound street railway track and the rear wheels on the south-bound track, his car facing in an easterly direction, he again stopped. This he apparently did with the intention or hope of letting the defendant Warner's automobile, which was at that time approaching him from the south on the easterly side of South Salina street at a fast speed, pass in front of his car. The defendant Warner's car, however, struck the front fender of the Fitch car and caused the plaintiff injuries to recover damages for which she brought this action.

Such are the facts which the jury might have found from the evidence.

The attempt of Fitch to cross South Salina street immediately after the other south-bound motor cars which would naturally obstruct his vision of vehicles approaching from his right had passed, and at a time when he was unable to complete the crossing or turning without stopping in the center of the street because of the approaching north-bound automobile, presented a question of negligence on Fitch's part for the determination of a jury. In our opinion the nonsuit as to him was erroneous.

As to the defendant Warner it is enough to say that his conduct also presented a jury question which, however, has been resolved in his favor by the verdict. We find no error in this.

The judgment and order as to the defendant Warner should be affirmed, with costs; the judgment as to the defendant Fitch should be reversed and a new trial granted, with costs to the appellant to abide the event.

All concur, except HUBBS, P. J., and CROUCH, J., who dissent as to the defendant Fitch and vote for affirmance. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and SAWYER, JJ.

Judgment and order as to defendant Warner affirmed, with costs. Judgment as to defendant Fitch reversed on the law and a new trial granted, with costs to appellant to abide event.